Terri Lee HALDERMAN et al., Plaintiffs,

v.

PENNHURST STATE SCHOOL AND HOSPITAL et al., Defendants,

United States of America, Plaintiff-Intervenor,

Pennsylvania Association For Retarded Citizens et al., Plaintiffs-Intervenors.

Civ. A. No. 74-1345.

United States District Court, E. D. Pennsylvania.

April 1, 1982.

See also 526 F.Supp. 428.

David Ferleger, Philadelphia, Pa., for Terri Lee Halderman.

Thomas M. Kittredge, Philadelphia, Pa., for Bucks, Chester and Delaware Counties.

Robert B. Hoffman, Deputy Atty. Gen., Harrisburg, Pa., for the Commonwealth of Pennsylvania.

Thomas Gilhool, Philadelphia, Pa., for Pennsylvania Ass'n for Retarded Citizens.

Herbert B. Newberg, Philadelphia, Pa., for David Ferleger.

Pamela P. Cohen, Philadelphia, Pa., for Pennhurst Parents Ass'n.

Terisa E. Chaw, Civil Rights Div., Dept. of Justice, Washington, D. C., for the U. S.

R. Stephen Barrett, Asst. County Sol., Norristown, Pa., for Montgomery County.

Marc H. Myers, Asst. City Sol., Philadelphia, Pa., for Philadelphia County.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiffs Terri Lee Halderman et al. and Plaintiff-Intervenor Pennsylvania Association of Retarded Citizens et al. (hereinafter "plaintiffs") have filed with this Court motions requesting the deletion of certain portions of this Court's injunctive Order of April 24, 1980. Plaintiffs ask that this Court strike from the Order certain language that has been and may in the future be interpreted as conferring upon the Special Master powers and duties far in excess of those intended by this Court as necessary to carry out the essential function of the

Special Master, i.e., monitoring compliance with the Court's Orders in this case.

Prior to the filing of the plaintiffs' motions, this Court was of the opinion that its Memorandum of November 18, 1981, 526 F.Supp. 428, had made it abundantly clear that the powers and duties of the Special Master were limited to monitoring compliance with this Court's Orders and that the Court had never intended that the Special Master become involved in supervising the management of Pennhurst and/or community living arrangements.

This Court, on October 19, 1981, conducted a hearing to determine whether certain public statements made by the Secretary of Public Welfare had any basis in fact. The Secretary publicly stated that the Office of the Special Master was duplicating services performed by the Commonwealth defendants and that the Master's office was "redundant." Based on the evidence presented at the hearing, the Court found that there had been no duplication of services and specifically delineated that the powers and duties of the Special Master were limited to monitoring compliance with the Court's Orders in this case. *See* Memorandum of November 18, 1981 at 11, 526 F.Supp. at 433. The Court did not at that time, however, remove the words "supervise" and "direct" from its Order of April 24, 1980. To lay to rest once and forever the perennial contention that the Special Master possesses powers over and beyond the designated function of monitoring compliance with this Court's Orders in this case, the Court will at this time grant plaintiffs' motion and specifically delete the words "plan, organize, direct, supervise and" contained in Section I, paragraph 5, page 3, lines 1–2 of this Court's Order of April 24, 1980. Furthermore, since Section I, Paragraph 6 of the Order of April 24, 1980, pertaining to planning, would appear to be superfluous at this time, the Court will also specifically delete this Paragraph from the Order. In all other respects, this Court's Order of April 24, 1980 remains in full force and effect.